UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-CV-80060-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA

    Plaintiff,

v.

MARK J. HANNA

    Defendant.
_____/



FILED by ___ D.C.
FEB 21 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – W.P.B.

## DEFENDANT'S MOTION TO DISMISS OR MOTION FOR MORE DEFINITE STATEMENT

The Defendant MARK J. HANNA, moves this Court to dismiss the Complaint in this matter for failure to state a claim upon which relief can be granted under Rule 12(b)(6) or in the alternative require the Plaintiff to provide a more definite statement under Rule 12(c).

1. Rule 8 only requires a short statement of the claim, but the Plaintiff must still provide sufficient facts and information so that a party may know why they are being sued and for what conduct. The Defendant merely alleges that the Defendant owes a sum of money without providing information as to why. Plaintiff attachment of a "Certificate of Indebtedness" simply says the same thing. No details and basic facts are provided. While a complaint does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. A formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (No. 05-1126) (2007). The Plaintiff fails to provide nature of the alleged debt, the documents forming the basis for this claim, any notes or contracts, or other materials must be attached. The documents, if they exist, may form the basis for defenses.

2. In the alternative, Defendant asks that this Court order the Plaintiff to provide a more definite statement in accordance with Rule 12(c). For the reasons set forth above regarding supporting

documentation, the complaint in its current form is so vague and ambiguous that the Defendant cannot reasonably prepare a response..

3. This Motion is not made for delay, rather so the alleged conduct is clear and the Defendant may properly raise all applicable defenses.

WHEREFORE, the Defendant MARK J. HANNA asks this Court to dismiss the Complaint or in the alternative require the Plaintiff to provide a more definite statement and any other relief that is just and reasonable.

Respectfully Submitted

Mark J. Hanna, pro se
5 Sailfish Lane
Ocean Ridge, FL 33435
561-723-8284
hanna.mark@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing were served via first class postage prepaid U.S. Mail on February 19, 2013 on Steven M. Davis, Becker & Poliakoff, PA, 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134

Mark J. Hanna, pro se
5 Sailfish Lane
Ocean Ridge, FL 33435
561-723-8284
hanna.mark@comcast.net