UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80060-CIV-MARRA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MARK J. HANNA,

Defendants.
_____/

**ORDER**

    This cause is before the Court upon Defendant Mark J. Hanna's Motion to Dismiss or Motion for More Definite Statement (DE 7).  Plaintiff filed a response (DE 8).  No reply memorandum was filed. The Court has carefully considered the Motion and the response and is otherwise fully advised in the premises.

    Plaintiff United States of America ("Plaintiff") filed a Complaint on behalf of the Department of Education to recover delinquent debt owed on a defaulted student loan obtained by Defendant Mark J. Hanna ("Defendant"). (Compl., DE 1.)  The Complaint alleges that the debt owed to Plaintiff is $60,383.26 and Defendant has refused to pay. (Compl. ¶¶ 3-4.) Attached to the Complaint is a Certificate of Indebtedness, which provides details on the loan provided, when the default occurred and the amount owed.  (Certificate of Indebtedness, Ex. A, DE 1-3.)

    Defendant moves to dismiss the Complaint on the basis that the Complaint fails to provide adequate information regarding the nature of the debt, the documents forming the basis of the claim, or attach any other materials to the Complaint.  Alternatively, Plaintiff moves for a

motion for a more definite statement.  In response, Plaintiff states that the Complaint properly complies with Rule 8 of the Federal Rules of Civil Procedure.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

After careful review of the Complaint, the Court finds that it meets this pleading standard. The Complaint states the amount of debt owed and that Defendant has not paid that amount, despite Plaintiff's demand. (Compl. ¶¶ 3-4.)  Moreover, the Certificate of Indebtedness states the

dates in which Plaintiff entered into the loan and defaulted, the amount of the loan, the type of loan and the amount owed. (Certificate of Indebtedness.)  Indeed, the Complaint provides an adequate factual basis to support this cause of action.  The additional information sought by Defendant can be obtained through discovery.  Lastly, the Court finds that because the Complaint has provided adequate facts to allow Defendant to file an answer to the Complaint, the motion for a more definite statement can also be denied.  Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Mark J. Hanna's Motion to Dismiss or Motion for More Definite Statement (DE 7) is **DENIED.** Defendant shall file an Answer **within 21 days of the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of March, 2013.

_____
KENNETH A. MARRA
United States District Judge