UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-CV-80060-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA

    Plaintiff,

v.

MARK J. HANNA

    Defendant.
_____/



## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

The Defendant MARK J. HANNA, files his Answer and Affirmative Defenses in the above-captioned matter as follows:

1. Defendant admits the allegations in paragraphs 1 and 2.

2. Defendant denies the allegations contained in paragraphs 3 and 4, including the subparagraphs and demands strict proof thereof.

3. Any and all allegations not specifically admitted herein are denied.

WHEREFORE, Defendant asks this Court to dismiss the above-captioned matter with prejudice and any other relief that is just and reasonable.

4. For his First Affirmative Defense, the Defendant alleges the Plaintiff fails to state a claim upon which relief can be granted. The Plaintiff has not shown it is the owner of a valid promissory note and has failed to provide said note.

5. For his Second Affirmative Defense, Plaintiff failed to meet all conditions precedent to filing this actions. The loan obligates the Plaintiff to notify the Defendant of a default prior to acceleration and to give the Defendant a period of time to cure the default. Plaintiff's breach of the terms of the loan now prohibit it from seeking full payment in this action.

6. For his Third Affirmative Defense, Plaintiff failed to attach the necessary documents that form the basis for the alleged transaction.

7. For his Fourth Affirmative Defense, the loan is unconscionable in that it purports to waive rights to which the Defendant is entitled by law and Plaintiff charged the Defendant civilly usurious interest.. Because the loan is unconscionable, it cannot be enforced in this action. Plaintiff cannot foreclose on the agreement because it is not free of inequitable conduct relative to the controversy.

8. For his Fifth Affirmative Defense Plaintiff has failed to mitigate the damages.

9. For his Sixth Affirmative Defense, the amounts alleged to be owed are incorrect and have been paid, excused or waived in whole or in part.

10. For his Seventh Affirmative Defense, Plaintiff lacks proper standing to bring a cause of action and reestablish the promissory note under Plaintiff was not a proper holder in due course of said note.

11. For his Eighth Affirmative Defense, Plaintiff has failed to join an indispensable party, i.e. the holder in due course of the promissory note at the time this action was filed. Plaintiff lacks standing to bring suit because it has suffered no legally cognizable injury upon which relief can be granted.

12. For his Ninth Affirmative Defense, Plaintiff has breached the contract with Defendant by failing to provide the original promissory note as affirmatively required in the original promissory note in order to file a suit thus contractually this cause of action is not valid when executed in violation of an agreement entered into in the absence of a compliance with the terms of the agreement.

13. For his Tenth Affirmative Defense, the subject loan have special servicing requirements. Plaintiff must service the loans according to the applicable federal regulations. Plaintiff failed to comply with these regulations. Plaintiff seeks to enforce an agreement when Plaintiff himself has failed to perform under the terms and conditions of the agreement. Plaintiff's failure to perform under the agreement bars it from claiming a default based the and correspondences Plaintiff was entitled to receive.

14. For his Eleventh Affirmative Defense The transaction upon which the present action is based is subject to the provisions of the state and federal law and regulations.. In connection with the transaction, Defendant has not been given a disclosure statement that complies with these laws and regulations. As a result of Defendant's rescission, the loan herein, is completely unenforceable.

WHEREFORE, Defendants request the Court to dismiss the Plaintiff's Complaint with prejudice, enter an Order declaring the subject transaction rescinded with the result that Plaintiff's security is void

and unenforceable and Defendants' attorney fees and costs and all such other relief as Defendants may prove themselves entitled.

Respectfully Submitted

_____
Mark J. Hanna, pro se
5 Sailfish Lane
Ocean Ridge, FL 33435
561-723-8284
hanna.mark@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing were served via first class postage prepaid U.S. Mail on April 15, 2013 on Steven M. Davis, Becker & Poliakoff, PA, 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134

_____
Mark J. Hanna, pro se
5 Sailfish Lane
Ocean Ridge, FL 33435
561-723-8284
hanna.mark@comcast.net