UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:13-CV-80060-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. )
)
)
MARK J. HANNA, )
)
    Defendant. )

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW**

Plaintiff, the United States of America, (the "United States"), by and through its undersigned counsel, Steven M. Davis, Private Counsel to the United States for the SOUTHERN DISTRICT OF FLORIDA, hereby moves this Court, pursuant to Rule 56(a), Federal Rules of Civil Procedure, for entry of summary judgment in favor of the United States and against the defendant in the full amount set forth in the Complaint. In support of this Motion Plaintiff submits this Memorandum of Law, the Declaration of Alberto Francisco, Loan Analyst for the United States Department of Education and a Statement of Material Facts pursuant to Local Rule 7.5.

## I. INTRODUCTION

This is an action by the United States, on behalf of the U.S. Department of Education, against Defendant, to recover on a defaulted student loan made by the department under loan guaranty programs authorized under the William D. Ford Federal District Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq.* (34 C.F.R Part 685). The United States seeks money damages in the amount owed on these federally guaranteed student loans.

## II. STATEMENT OF UNDISPUTED FACT

A complete statement of facts is set forth in the declaration of Alberto Francisco ("Dec.") the Loan Analyst for the Department of Education which is filed herewith.

Defendant, Mark J. Hanna, obtained a student loan in the amount of $64,537.57, from the U.S. Department of Education for the cost of his education. The loan obligation was guaranteed under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, Composite Exhibit "A". Pursuant to the promissory note executed by Defendant, Defendant defaulted on his payment obligations on July 25th 2009.

Pursuant to 34 C.F.R. § 685.202(b), a total $767.86 in unpaid interest was capitalized and added to the principal balance. A total of $41,711.26 in credits and/or payments including Treasury Department Offsets, were applied to the accounts since the loans were assigned to the Department of Education.

As of May 8, 2013 the defendant owes a total of $61,203.75 ($54,434.92 in principal and $6,768.83 in interest at the rate of 2.470% for Account No. 2010A84082). In accordance with the supporting documentation attached as Exhibit "A" to Plaintiff's Motion for Summary Judgment, per annum, together with the sum of $25.00 in taxed costs and a 10% Debt Collection Surcharge pursuant to 28 U.S.C. §3011 of $6,120.37, for a grand total owed of **$67,349.12.**

### III. ARGUMENT

#### A. The United States of America Is Entitled to Judgment as a Matter of Law.

Summary judgment is proper if the record before the Court shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing by reference to materials on file that there are no genuine issues of material fact to be decided at trial. When that burden is met, the burden shifts to the non-movant to demonstrate that there is a material issue of fact which would preclude a summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The facts in dispute must be

**critical** to the outcome of the case and the dispute must be **"genuine,"** such that the evidence could support a verdict in favor of the non-moving party. _Id._ at 248 (emphasis added).

In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has established a prima facie case. The burden then shifts to the borrower to show that the amount alleged to be due is not owing. _United States v. Irby_, 517 F.2d 1042, 1043 (5th Cir. 1975).[1] In the absence of such proof, summary judgment in favor of the claimant is appropriate. _Id._

Due to the relative simplicity of the issues involved, actions to enforce promissory notes are among the most suitable classes of cases for disposition by summary judgment. _Colony Creek, Ltd. v. Resolution Trust Corp., et al._, 941 F.2d 1323, 1325 (5th Cir. 1991) citing _Lloyd v. Lawrence_, 472 F.2d 313, 316 (5th Cir. 1973); _FDIC v. Cardinal Oil Well Servicing Co._, 837 F.2d 1369, 1371 (5th Cir. 1988).

The material facts in this case are not in dispute. Mark J. Hanna executed the Promissory Note which is the subject of this action. The amount due on the note has not been paid and Plaintiff is entitled to summary judgment.

### B. Defendant Has Failed to Raise a Valid Defense

Defendant applied for a student loan for the cost of his education. Defendant obtained the money and failed to repay it. In response to the Complaint, Defendant Attorney Mark J. Hanna, a member of the Florida Bar, denied that he owes any money to the United States of America and raised eleven (11) Affirmative Defenses. None of the "Defenses" are sufficient to avoid the debt.

1. For his First Affirmative Defense, Defendant alleged:

> "The Plaintiff fails to state a claim upon which relief can be granted. The Plaintiff has not shown it is the owner of a valid promissory note and has failed to provide said note."

---

[1] Cases decided by the Fifth Circuit prior to October 1, 1981 are binding in the Eleventh Circuit. See _Bonner v. City of Prichard_, 661 F.2d 1206, 1209 (11th Cir. 1981).

In response to this Affirmative Defense, Plaintiff filed a copy of the Note [DE 13].

2. Defendant's Second Affirmative Defense claims:

> "Plaintiff failed to meet all conditions proceeding to filing this action (sic). The Loan obligates the Plaintiff to notify the Defendant of a default prior to acceleration and to give the Defendant a period of time to cure the Default. Plaintiff's breach of the terms of the loan now prohibits it from seeking full payment in this action."

In fact, the subject Loan is a consolidation loan entered into by Defendant to consolidate prior debts the Defendant had to the United States. The terms of the note do not require notice and a period of time to cure.

3. Defendant's Third Affirmative Defense alleges:

> "Plaintiff failed to attach the necessary documents that form the basis for the alleged transaction."

This is not a defense and in fact, Plaintiff did file the note. [DE 13].

4. Defendant's Fourth Affirmative Defense claims:

> "The loan is unconscionable in that it purports to waive rights to which the Defendant is entitled by law and Plaintiff charged the Defendant civilly usurious interest. Because the loan is unconscionable, it cannot be enforced in this action. Plaintiff cannot foreclose on the agreement because it is not free of inequitable conduct relative to the controversy."

This "Affirmative Defense" is devoid of any facts in support of same. It contains mere legal conclusions.

5. Defendant's Fifth Affirmative Defense claims:

> "Plaintiff has failed to mitigate the damages."

This "Affirmative Defense" is devoid of any facts in support of same. Moreover, Defendant is

liable for the unpaid principal and interest that accrued due to his nonpayment. Plaintiff would not have an opportunity to mitigate its damages.

6. Defendant's Sixth Affirmative Defense claims:

> "The amount alleged to be owed is incorrect and have been paid, excused or waived in whole or in part."

Plaintiff's Affidavit sets forth the amount owed.

7. Defendant's Seventh Affirmative Defense claims:

> "Plaintiff lacks proper standing to bring a cause of action and reestablish the Promissory Note under Plaintiff was not a proper holder in due course of said note."

Plaintiff was the original holder of the Note therefore, this Affirmative Defense has no merit.

8. Defendant's Eight Affirmative Defense claims:

> "Plaintiff has failed to join an indispensible party, i.e., the holder in due course of the promissory note at the time this action was filed. Plaintiff lack standing to bring suit because it has suffered no legally cognizable injury upon which relief can be granted."

This Affirmative Defense has no merit in that Plaintiff is the holder of the Note. The Note was not assigned.

9. Defendant's Ninth Affirmative Defense claims:

> "Plaintiff has breached the contract with Defendant by failing to provide the original Promissory Note as affirmatively required in the original Promissory Note in order to file a suit thus contractually this cause of action is not valid when executed in violation of an agreement entered into in the absence of a compliance with the terms of the Agreement."

This "Affirmative Defense" is without merit as a matter of law. There is no particular term in the Note that requires the original Promissory Note to be produced.

10. Defendant's Tenth Affirmative Defense claims:

> "The subject Note have (sic) special servicing requirements. Plaintiff must service the loans according to the applicable Federal regulations. Plaintiff failed to comply with these regulations. Plaintiff seeks to enforce an agreement when Plaintiff himself has failed to perform under the terms and conditions of the Agreement. Plaintiff's failure to perform under the Agreement bars its from claiming a default based the and correspondences Plaintiff was entitled to receive (sic)."

This "Affirmative Defense" fails to raise any factual issues which would defeat Defendant's obligations to pay his student loan and therefore, is exhumes insufficient as a matter of law.

11. Defendant's Eleventh Affirmative Defense claims:

> "The transaction upon which the present action is based is subject to the provisions of the State and Federal law and regulations. In connection with the transaction, Defendant has not been given a disclosure statement that complies with these laws and regulations. As a result of Defendant's rescission, the loan hearing, is completely unenforceable."

This "Affirmative Defense" is insufficient as a matter of law. It fails to specify any specific facts for which Defendant could avoid repayment of his student loan. Moreover, the subject student loan is a "consolidation loan" which means that it was a loan entered into by Defendant to refinance his prior student loans.

The declaration of Alberto Francisco, Loan Analyst with the U.S. Department of Education filed herewith demonstrates that Mark J. Hanna defaulted on his payment obligations on July 25, 2009. Defendant obtained student loans in the amount of $64,537.57. Defendant "may not rest upon the mere allegation or denial of his pleading but . . . must set forth specific facts showing that there is an issue for trial" _Anderson_, 477 U.S. at 248. Here Defendant must produce evidence of payment. Plaintiff has demonstrated that Defendant received the loans and failed to repay it. The amount demanded is still due and owing. Plaintiff has the right to recover the amount due.

## IV. **CONCLUSION**

Plaintiff has demonstrated that there are no genuine issues of material fact and that it is entitled to

judgment as a matter of law. Defendant has not raised any valid affirmative defenses. Therefore, this Court should grant summary judgment in favor of the United States and enter Judgment against the Defendant, Mark J. Hanna, in the amount of $61,203.75 ($54,434.92 in principal and $6,768.83 in interest at the rate of 2.470% for Account No. 2010A84082) from May 8, 2013 to the date of judgment, and interest thereafter at the legal rate, as prescribed by 28 U.S.C. § 1961, together with costs and expenses incurred by the Plaintiff in bringing this suit.

    Respectfully submitted,

    BECKER & POLIAKOFF, P.A.
    *Attorneys for Plaintiff United States*
    121 Alhambra Plaza, 10th Floor
    Coral Gables, FL 33134
    Telephone: (305)262-4433
    Fax: (305) 442-2232
    Email: sdavis@becker-poliakoff.com

By: _____
    STEVEN M. DAVIS
    Florida Bar No. 894249

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

Mark J. Hanna

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/21/10.

On or about 03/31/99, the borrower executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $64,537.57 on 04/06/99 at a variable rate of interest to be established annually. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 07/25/09. Pursuant to 34 C.F.R. § 685.202(b), a total of $767.86 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $41,711.26 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $54,434.92 |
| Interest: | $3,007.80 |
| Total debt as of 07/21/10: | $57,442.72 |

Interest accrues on the principal shown here at the current rate of 2.47 percent and a daily rate of $3.68 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087e.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/4/10

Alberto Francisco
Loan Analyst Senior Loan Analyst
Litigation Support

EXHIBIT
A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:13-CV-80060-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARK J. HANNA,

    Defendant.

**PLAINTIFF UNITED STATES STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 7.5**

Plaintiff, United States of America, by and through the undersigned Private Counsel for the SOUTHERN DISTRICT OF FLORIDA, submits, pursuant to Rule 7.5 of the Local Rules of the SOUTHERN DISTRICT OF FLORIDA, this statement of material facts as to which Plaintiff contends there is no issue to be tried.

1. Defendant, Mark J. Hanna, obtained a Direct Consolidation loan in the amount of $64,537.57 from the Department of Education for the cost of his education. The holder demanded payment according to the terms of the promissory note, and credited $0.00 to the principal owed on the loan.

2. The Note bore interest at the rate of 2.470% for Account No. 2010A84082 beginning on July 25th 2009 when Defendant defaulted on his payment obligation.

3. Defendant's loan was made under loan guarantee programs authorized under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685).

4. A total of $41,711.26 in credits and/or payments including Treasury Department Offsets, were applied to the defendant's account since the loans were assigned to the Department of Education.

5. The government claims a balance on the Note of a total of $61,203.75 ($54,434.92 in principal and $6,768.83 in interest at the rate of 2.470% for Account No. 2010A84082). In accordance with the supporting documentation attached as Exhibit "A" to Plaintiff's Motion for Summary Judgment, per annum, together with the sum of $25.00 in taxed costs and a 10% Debt Collection Surcharge pursuant to 28 U.S.C. §3011 of $6,120.37, for a grand total owed of **$67,349.12.**

Respectfully submitted,

By: _____
Steven M. Davis, (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Regular US Mail on __8th__ day of May, 2013 to Mark J. Hanna at 5 Sailfish Lane, Ocean Ridge, Florida 33435.

_____
Steven M. Davis, Esq.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:13-CV-80060-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
v. )
)
MARK J. HANNA, )
) **FINAL SUMMARY JUDGMENT**
        Defendant. )
_____)

    This matter having come before the Court upon Plaintiff, United States of America's Motion for Entry of Final Summary Judgment against Defendant, Mark J. Hanna and the Court having reviewed the pleadings submitted on behalf of the Plaintiff and for good cause shown, it is hereby

    ORDERED AND ADJUDGED that judgment is hereby entered in favor of Plaintiff, the United States of America, and against defendant, Mark J. Hanna, upon the Complaint herein, and it is further

    ORDERED AND ADJUDGED that Plaintiff recover of the defendant, Mark J. Hanna, the sum of $61,203.75 ($54,434.92 in principal and $6,768.83 in interest at the rate of 2.470% for Account No. 2010A84082). In accordance with the supporting documentation attached as Exhibit "A" to Plaintiff's Motion for Summary Judgment, per annum, together with the sum of $25.00 in taxed costs and a 10% Debt Collection Surcharge pursuant to 28 U.S.C. §3011 of $6,120.37, for a grand total owed of $67,349.12 for all of which sums let execution issue. It is further

    ORDERED AND ADJUDGED that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. §1961, and shall be enforceable as prescribed by 28 U.S.C. §2001, et seq., 28 U.S.C. §3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff's address is: United States Attorney's Office, Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132. Defendant's address is: Mark J. Hanna, 5 Sailfish Lane, Ocean Ridge, Florida 33435.

    DONE AND ORDERED in Chambers, in _____, FL, this ___ day of _____, 2013.

                                                                                  _____
                                                                                  **KENNETH A. MARRA**
                                                                                  **UNITED STATES DISTRICT JUDGE**

cc: Steven M. Davis, Esq.(Two Certified Copies)
      Mark J. Hanna, Pro Se