UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80060-CIV-MARRA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MARK J. HANNA,

Defendant.

_____/

**<u>ORDER</u>**

This cause is before the Court upon Plaintiff United States of America's Motion for

Summary Judgment (DE 17), filed May 8, 2013.  Defendant Mark J. Hanna has not filed a

response. The Court has reviewed the motion, the pertinent portions of the record, and is

otherwise fully advised in the premises.

<u>I.  Background</u>

On January 18, 2013, the United States filed a Complaint against Defendant Mark Hanna

("Defendant" or "Hanna") asserting a claim pursuant to 28 U.S.C. § 1345 to recover unpaid

student loan funds. (DE 1.)  On April 18, 2013, Defendant filed an answer to the Complaint. (DE

13.)

On May 8, 2013, the United States filed the instant motion for summary judgment.  (DE

17.)  On May 10, 2013, the Court entered an Order advising Defendant of the pendency of the

motion for summary judgment. (DE 18.)  A review of the record indicates that Defendant has not

responded to the motion or the Court's Order.

_____

II.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant  is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477

U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not

suffice; there must be enough of a showing that the jury could reasonably find for that party."

Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-

moving party "is merely colorable, or is not significantly probative, then summary judgment may

be granted."  Anderson, 477 U.S. 242, 249-50.

Actions to enforce promissory notes are suitable classes of cases for disposition by

summary judgment.  Colony Creek, Ltd. v. Resolution Trust Corp., 941 F.2d 1323, 1325 (5th Cir.

1991); Lloyd v. Lawrence, 472 F.2d 313, 316 (5th Cir. 1973).[1]

III. Discussion

In its motion for summary judgment, the United States moves for judgment as a matter of

law on its claim for recovery of unpaid student loan funds.  In support, the United States has

submitted to the Court its Statement of Material Facts.  Pursuant to Rule 56.1 of the Local Rules

of the Southern District of Florida, "[a]ll material facts set forth in the movant's statement filed

and supported as required above will be deemed admitted unless controverted by the opposing

party's statement, provided that the Court finds that the movant's statement is supported by

evidence in the record."  S.D. Fla. L.R. 56.1(b).  Because the Statement of Facts was not

controverted by Defendant, the facts supported by record evidence are deemed admitted by

Defendant.

The admitted facts are as follows: Defendant obtained a student loan in the amount of

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

$64,537.57 from the U.S. Department of Education for the cost of his education. The loan obligation was guaranteed under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965. Pursuant to the promissory note executed by Defendant, Defendant defaulted on his payment obligations on July 25, 2009.  A total of $767.86 in unpaid interest was capitalized and added to the principal balance.  A total of $41,711.26 in credits and/or payments including Treasury Department Offsets, were applied to the accounts since the loans were assigned to the Department of Education.  As of July 21, 2010, Defendant owes a total of $57,442.72 ($54,434.92 in principal and $3,007.90 in interest). [2]  (Alberto Francisco Aff., Ex. A, DE 17.)

Based upon the admitted facts and since there is no genuine issue of material fact or applicable legal defense, the Court concludes that the United States is entitled to summary judgment in its favor.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)       The United States's Motion for Summary Judgment (DE 17) is **GRANTED**.

2)       The United States is granted **ten days from the date of entry of this Order** to

supply the Court with relevant evidence in support of the present amount owed by

---

[2] Plaintiff actually seeks a total of $61,203.75, which it states is accurate as of May 8, 2013.  This assertion, however, is not supported by record evidence as required under the Local Rules of the Southern District of Florida.  The declaration of Alberto Francisco submitted by the United States in support of its motion provides a past due amount as of July 21, 2010. There is nothing in the record to demonstrate to the Court how the calculations were made to increase the amount due between July 21, 2010 to May 8, 2013, or more importantly, to the date of judgment. Since the United States would be entitled to the larger amount if it is supported by evidence, the Court will grant the United States additional time to provide the Court with record evidence to support its claim.

Defendant to the United States.  If no evidence is supplied, the Court will issue a judgment consistent with the record evidence supplied by the United States in its motion for summary judgment.  If the United States does present additional supporting evidence, the Defendant may respond to the new submission with any evidence disputing the government's submission within ten (10) days from the date of the government's submission.

3)   The Court will enter judgment for the United States by separate Order after the additional submissions, if any, are made..

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 12th  day of June, 2013.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE